IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES REGINALD COOKS, AT7962, )
        Plaintiff(s), ) No. C 16-0230 CRB (PR)
  vs. ) ORDER DENYING LEAVE
) TO PROCEED IN FORMA
UNITED STATES COURT OF APPEALS ) PAUPERIS
SUPERVISOR, et al., )
) (Dkt. #2)
        Defendant(s). )

        Plaintiff, a prisoner at California State Prison, Solano and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 challenging the allegedly unlawful actions of a court clerk. Plaintiff also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

        The Prison Litigation Reform Act (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

Plaintiff has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See, e.g., Cooks v. Mitchell, No. CV 15-9147 BRO(SP) (C.D. Cal. Dec. 21, 2015) (order of dismissal and noting prior strikes); Cooks v. Hernandez, No. CV 15-6537 BRO (SP) (C.D. Cal. Sept. 10, 2015) (same); Cooks v. Los Angeles Police Dep't, No. CV 15-3844 BRO (SP) (C.D. Cal. May 29, 2015) (same); Cooks v. Pym, No. CV 15-3149 DDP (C.D. Cal. May 12, 2015) (same); Cooks v. Los Angeles Police Dep't, No. CV 15-0675 BRO (SP) (C.D. Cal. Feb. 5, 2015) (same); Cooks v. Los Angeles Superior Court, No. CV 14-9828 BRO (SP) (C.D. Cal. Jan, 12, 2015) (same); see also Cooks v. Baca, No. CV 15-0048 BRO (SP) (C.D. Cal. May 8, 2015) (order revoking IFP on basis of prior strikes and summarily dismissing action). Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). He is not. Plaintiff's request to proceed IFP (dkt. #2) accordingly is DENIED.

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar IFP status for him. See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). Within 28 days of this order, plaintiff may show cause why § 1915(g) does not bar IFP status for him. Failure to show cause, or pay the requisite $ 400.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint.

SO ORDERED.

DATED: Jan. 19, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Cooks, C.16-0230.3strikes_IFPdenial.wpd

2