IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES REGINALD COOKS, AT7962, ) <br> ) <br>     Plaintiff(s),              ) <br>     vs.                             ) <br> UNITED STATES COURT OF APPEALS  ) <br> SUPERVISOR, et al.,              ) <br>     Defendant(s).            ) | No. C 16-0230 CRB (PR) <br><br> ORDER OF DISMISSAL <br><br> (Dkt. #10) |

Plaintiff, a prisoner at California State Prison, Solano and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 challenging the allegedly unlawful actions of a court clerk. Plaintiff also sought to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On January 21, 2016, the court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP in this action because plaintiff: (1) has had three or more prior prisoner actions dismissed by a federal district court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) is not seeking relief from a danger of serious physical injury which is imminent at the time of filing. Jan. 21, 2016 Order at 2 (citing cases).

Pursuant to the law of the circuit, plaintiff nonetheless was afforded an opportunity to persuade the court that § 1915(g) does not bar IFP status for him. Id. (citing Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)).  The court gave plaintiff 28 days to "show cause why § 1915(g) does not bar IFP status for him," and explained that "[f]ailure to show cause, or pay the requisite $ 400.00 filing fee, within the designated time will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." Id.

Plaintiff has responded by filing an amended complaint and a new prisoner's application to proceed IFP under 28 U.S.C. § 1915.  But he in no way shows in these filings, or anywhere else, that § 1915(g) does not bar IFP status for him in this prisoner action.  Plaintiff's instant prisoner action accordingly is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see dkt. #10) as moot, and close the file.

SO ORDERED.

DATED: Feb. 25, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.16\Cooks, C.16-0230.dismissal.wpd

2